STATE OF NORTH CAROLINA v. HERBERT W. ROSIER

No. 331A86

(Filed 28 July 1988)

1. **Criminal Law § 34.8— first degree sexual offense—evidence of other offenses —admissible**

The trial court did not err in a prosecution for first degree sexual offense involving a seven-year-old girl by admitting testimony that defendant had admitted fondling the private parts of two other children where the other incidents occurred within three months of the incident for which defendant was tried and were similar to the incident for which defendant was tried. N.C.G.S. § 8C-1, Rule 404(b).

2. **Criminal Law § 102.7— jury argument—prosecutor's comment on payment of witness—outside of evidence—no prejudice**

There was no prejudice in a prosecution for first degree sexual offense involving a seven-year-old girl from the prosecutor's comment in his closing argument on the payment of a medical witness where there was no evidence as to whether the doctor received any remuneration for testifying. It is well known that physicians are paid for their work and the fact that the doctor may have been paid need not imply that he would not testify truthfully.

3. **Criminal Law §§ 126.3, 101.2, 101.4— motion for appropriate relief—jury misconduct—motion properly denied**

The trial court did not err in a prosecution for the first degree rape of a seven-year-old girl by denying defendant's motion for appropriate relief after the verdict based on affidavits from four members of the jury that the jury foreman had watched a series of programs on child abuse appearing that week on a local television station despite the court's instructions not to do so; that the foreman had told them of a fifteen to seventeen-year-old friend who had been raped; that some votes were changed from not guilty to guilty because of

the foreman's statements; that the foreman would not allow one juror to send a note to the judge asking for further instructions as to reasonable doubt and whether defendant could get some help if found not guilty; and that some jurors stated they did not think defendant was guilty but wanted to get him off the streets. Although the foreman of the jury should have obeyed the instructions of the court and not watched the program on child abuse, the matters he reported to the jury did not deal with defendant or with the evidence introduced in this case, and the other matters contained in the affidavits dealt with deliberations in the jury room, about which parties may not cross-examine jurors and about which jurors may not testify to impeach a verdict. N.C.G.S. § 15A-1240; N.C.G.S. § 8C-1, Rule 606.

APPEAL by defendant pursuant to N.C.G.S. sec. 7A-27(a) from a sentence of life in prison imposed by *Helms (William H.), J.,* at the 6 February 1986 Criminal Session of Superior Court, FORSYTH County. Heard in the Supreme Court 9 November 1987.

The defendant was tried for first degree sexual offense a violation of N.C.G.S. sec. 14-27.4. Evidence for the State showed that on 15 January 1984 the defendant visited a mobile home occupied by his friends Mackie and Christi Powers. The Powers were engaged in a domestic dispute and the defendant offered to take their seven year old daughter to a nearby restaurant while the couple resolved the quarrel. The Powers accepted defendant's offer and he took the child to lunch at approximately 2:00 p.m.

There was further evidence, consisting primarily of the child's testimony, that after finishing the meal the defendant carried the child to his trailer and had anal intercourse with her against her will. The child testified there was blood on her "private parts" as well as on the bed sheets.

The defendant would not allow the child to leave the trailer until her mother came for her. The child told her mother of the incident and her mother confronted the defendant. The defendant told Mrs. Powers that the child had fallen on the ice and that he had "checked her." Mackie Powers would not let his wife report the incident for fear it would result in his arrest on several unrelated charges in which arrest warrants for him were outstanding. In April 1985 Mackie and Christi Powers had separated and Christi Powers reported the incident to the authorities.

The defendant was convicted as charged and sentenced to life in prison. He appealed.

*Lacy H. Thornburg, Attorney General, by James Peeler Smith, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Leland Q. Towns, Assistant Appellate Defender, for defendant appellant.*

WEBB, Justice.

[1] The defendant first assigns error to the admission of testimony as to acts by him with other children which were similar to the act for which he was charged in this case. Carolyn D. Beane, an officer with the City of High Point Police Department, testified over the objection of the defendant that she had interviewed the defendant in the Guilford County Jail and he had told her he fondled the private parts of two other children in February, March, and April of 1984. Ms. Beane testified the defendant told her he was afraid to tell anyone of his problem because he was afraid he would lose his job. He pled guilty to offenses involving the other children and was placed on probation.

The defendant contends the admission of this testimony violates N.C.G.S. sec. 8C-1, Rule 404(b) which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

The admission of evidence of other crimes or wrongdoing to prove the defendant is guilty of the crime for which he is being tried has been discussed in many cases. *See* 1 Brandis on North Carolina Evidence sec. 91 (1982). Before and after the adoption of Rule 404(b) we have held that evidence that defendant committed similar acts which are not too remote in time may be admitted to show that these acts and those for which the defendant is being tried all arose out of a common scheme or plan on the part of the defendant. *State v. DeLeonardo,* 315 N.C. 762, 340 S.E. 2d 350 (1986); *State v. Effler,* 309 N.C. 742, 309 S.E. 2d 203 (1983); *State v. Goforth,* 59 N.C. App. 504, 297 S.E. 2d 128, *rev'd on other grounds,* 307 N.C. 699, 307 S.E. 2d 162 (1983). The other incidents for which evidence was admitted in this case occurred within

three months of the incident for which the defendant was tried. They were similar to the incident for which the defendant was tried. We hold that they were properly admitted to show a common scheme or plan out of which the crime for which the defendant was tried arose.

[2] The defendant next assigns error to the argument of the prosecuting attorney. Dr. Carl Hoffman, an obstetrician and gynecologist, testified that he examined the child on 31 May 1985 and did not find scarring in the vaginal or anal areas. He testified that in his opinion, if the child had been raped or sodomized by an adult male, she would have needed immediate medical attention because such a sexual act would have caused significant trauma in her vagina or rectum. There was no evidence as to whether Dr. Hoffman received any remuneration for testifying. In his jury argument the prosecuting attorney said:

> [L]et me get down to this, Dr. Hoffman. Good old Dr. Hoffman flying in here on the defendant's paycheck to testify for the defendant.
>
> MR. METCALF: Objection.
>
> MR. LYLE: And the first thing he wants to say is what a wonderful person he is in High Point, how he helps every victim and every little child in High Point.

The defendant argues that he is entitled to a new trial because of this argument by the prosecuting attorney. He contends it was prejudicial error for the prosecuting attorney to argue that Dr. Hoffman was paid for testifying when there was no evidence that Dr. Hoffman had been paid anything. An attorney may not argue to the jury matters which were not offered in evidence. *See* N.C.G.S. sec. 15A-1230(a) (1983); *State v. King*, 299 N.C. 103, 261 S.E. 2d 1 (1980). The court should have sustained the objection to this argument. The question is whether this was prejudicial error.

In order to show prejudicial error, a defendant must show that had the error in question not been committed there is a reasonable possibility a different result would have been reached at the trial. N.C.G.S. sec. 15A-1443(a) (1983); *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984). We hold that this argument does not constitute prejudicial error. The statement suggests Dr. Hoffman received some remuneration for testifying. It is well known that

physicians are paid for their work. The fact that Dr. Hoffman may have been paid need not imply that he would not testify truthfully. We hold the defendant has not shown there is a reasonable possibility there would have been a different result if this argument had not been made.

[3] The defendant next assigns error to the denial of his motion for appropriate relief which was made eight days after the jury verdict was returned. The motion was based on what the defendant contends is jury misconduct. The motion was supported by affidavits from four members of the jury. Before each recess the court instructed the jury not to talk to anyone about the case and not to read, watch or listen to any publication or broadcast concerning the trial. The court specifically instructed the jury not to watch a series of programs on child abuse which was appearing that week on a local television station. The affidavits contained statements by the jurors that the foreman of the jury had watched the program on child abuse. The affiants also said the foreman told them about a fifteen to seventeen year old friend of his who had been raped. Some of the affiants said some votes were changed from not guilty to guilty because of the foreman's statements. One of the affiants said she wanted to send a note to the judge asking for further instructions as to reasonable doubt and whether the defendant could "get some help if the jury found him not guilty." The foreman refused to let this note be sent to the judge. Some of the jurors stated they did not think the defendant was guilty but "just wanted to get him off the streets." The court denied the motion for appropriate relief.

The reception of evidence to impeach the verdict of a jury is governed by N.C.G.S. sec. 15A-1240 and N.C.G.S. sec. 8C-1, Rule 606. N.C.G.S. sec. 15A-1240 provides:

(a) Upon an inquiry into the validity of a verdict, no evidence may be received to show the effect of any statement, conduct, event, or condition upon the mind of a juror or concerning the mental processes by which the verdict was determined.

(b) The limitations in subsection (a) do not bar evidence concerning whether the verdict was reached by lot.

(c) After the jury has dispersed, the testimony of a juror may be received to impeach the verdict of the jury on which

he served, subject to the limitations in subsection (a), only when it concerns:

> (1) Matters not in evidence which come to the attention of one or more jurors under circumstances which would violate the defendant's constitutional right to confront the witnesses against him; or

> (2) Bribery, intimidation, or attempted bribery or intimidation of a juror.

Rule 606(b) provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

There have been several cases interpreting N.C.G.S. sec. 15A-1240. *See State v. Johnson*, 298 N.C. 355, 259 S.E. 2d 752 (1979); *State v. Cherry*, 298 N.C. 86, 257 S.E. 2d 551 (1979), *cert. denied*, 446 U.S. 941, 64 L.Ed. 2d 796 (1980); *State v. Carter*, 55 N.C. App. 192, 284 S.E. 2d 733 (1981); *State v. Froneberger*, 55 N.C. App. 148, 285 S.E. 2d 119 (1981), *appeal dismissed*, 305 N.C. 397, 290 S.E. 2d 367 (1982); *State v. Gilbert*, 47 N.C. App. 316, 267 S.E. 2d 378 (1980). *Smith v. Price*, 315 N.C. 523, 340 S.E. 2d 408 (1986) and *State v. Costner*, 80 N.C. App. 666, 343 S.E. 2d 241 (1986), were decided after the adoption of Rule 606. The rule was not applied in *Price* because the case was tried before the effective date of the rule. The allowance by N.C.G.S. sec. 15A-1240(c) of testimony by a juror as to "[m]atters not in evidence which came to the attention of one or more jurors under circumstances which would violate the defendant's constitutional right to confront the witnesses against him" comports with the requirement of the

United States Constitution that a defendant be allowed to confront his accusers. *See Parker v. Gladden*, 385 U.S. 363, 17 L.Ed. 2d 420 (1966). Some commentators have suggested that Rule 606 has broadened N.C.G.S. sec. 15A-1240 by allowing jurors to testify as to "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror." *See* Commentary on Rule 606(b); 1 Brandis on North Carolina Evidence sec. 65 (1982). If the affidavits of the four jurors should have been considered by the court it would be because they dealt with information that was brought to the jury's attention in such a way that the defendant was denied a right to confront a witness against him as provided in N.C.G.S. sec. 15A-1240(c)(1) or extraneous prejudicial information was improperly brought to the jury's attention as provided in Rule 606. We hold the court should not have considered the affidavits under either N.C.G.S. sec. 15A-1240(c)(1) or Rule 606.

Although the foreman of the jury should have obeyed the instructions of the court and not have watched the program on child abuse, the matters he reported to the jury did not deal with the defendant or with the evidence introduced in this case. It would be naive to believe jurors during jury deliberations do not relate the experiences they have had. This is what the jury foreman did. Parties do not have the right to cross-examine jurors as to the arguments they make during deliberation as the foreman did in this case. The defendant is not entitled to relief under N.C.G.S. sec. 15A-1240.

We hold that the matters with which the jurors' affidavits dealt are not extraneous information within the meaning of Rule 606. We interpret the Rule to mean that extraneous information is information dealing with the defendant or the case which is being tried, which information reaches a juror without being introduced in evidence. It does not include information which a juror has gained in his experience which does not deal with the defendant or the case being tried. The other matters contained in the affidavits, that votes were changed because of the foreman's statements, that the foreman would not let a juror send a note to the judge, and that some of the jurors did not think the defendant was guilty dealt with deliberations in the jury room. A juror may

State v. Rosier

not impeach a verdict by testifying to them. This assignment of error is overruled.

No error.