STATE OF NORTH CAROLINA v. JONATHAN PATINO

No. COA10-201

(Filed 5 October 2010)

**1. Witnesses— motion to sequester—motion denied—collusion or tailoring not suspected**

The trial court did not abuse its discretion by denying defendant's motion to sequester witnesses where defendant offered as grounds only that there were a number of witnesses and that the crime had happened almost a year before the trial. Defense counsel did not explain or give specific reasons at trial to suspect that the witnesses would tailor their testimony, and did not argue that the unsequestered witnesses actually colluded with each other or influenced each other's testimony.

**2. Witnesses— motion to sequester—explanation of denial— not required**

A trial court was not required to explain to the parties its discretionary ruling on a motion to sequester.

**3. Sexual Offenses— sexual battery—evidence of intent— sufficient**

The trial court did not err by denying defendant's motion to dismiss a charge of sexual battery for insufficient evidence that the contact was for the purpose of sexual arousal, sexual gratification, or sexual abuse. In the light most favorable to the State, the evidence supported an inference that defendant grabbed the victim for those purposes.

**4. Jury— researching legal terms on Internet—new trial denied**

The trial court did not abuse its discretion by denying defendant's motion for a new trial based on alleged juror misconduct without making further inquiry where several jurors admitted looking up legal terms on the Internet during the trial. Definitions of legal terms are not extraneous information and did not implicate defendant's constitutional right to confront witnesses against him.

Appeal by defendant from judgments entered 17 and 20 November 2009 by Judge Zoro J. Guice in Henderson County Superior Court. Heard in the Court of Appeals 15 September 2010.

STATE v. PATINO

[207 N.C. App. 322 (2010)]

*Attorney General Roy Cooper, by Caroline Farmer, Deputy Director, N.C. Department of Justice, for the State.*

*Carol Ann Bauer for defendant-appellant.*

BRYANT, Judge.

Where defendant's trial counsel failed to give specific reasons to suspect that the State's witnesses would tailor their testimony if not sequestered, the trial court did not abuse its discretion in denying defendant's motion to sequester. Where the evidence supported an inference by the jury that defendant's action was for the purpose of sexual arousal, gratification or abuse, the trial court did not err in denying defendant's motion to dismiss for insufficiency of the evidence. Where no prejudicial misconduct by jurors was suggested, the trial court did not err in denying defendant's motion for a new trial based on alleged juror misconduct without making further inquiry.

*Facts*

On 7 February 2009, a car in which defendant Jonathan Patino was a passenger was pulled over by an officer with the Hendersonville Police Department. The driver of the vehicle agreed to a search of her car and all of the occupants got out of the vehicle. During a pat-down of the occupants, the officer discovered a tube of what turned out to be methamphetamine in defendant's pants pocket. The officer also noticed that defendant had something in his mouth and ordered him to spit it out. The object was yellow latex material such as that used in balloons. Defendant initially claimed the balloon had contained cocaine. The officer arrested defendant who at that time was able to walk and talk normally. Later at the jail, defendant asked for a nurse and admitted he had actually swallowed methamphetamine. He complained of blurry vision, rapid heart beat and black outs. Defendant was still able to walk and was escorted by an officer to Pardee Hospital. At the hospital, defendant was released into the custody of his mother.

Kristian Gilbert was a twenty-year-old trauma nurse in the ICU at the hospital. While Gilbert was stocking defendant's hospital room several hours after his admission, defendant attempted to talk to her, asking for her phone number and for a date. Later that morning, Gilbert returned to defendant's room and helped him to the bathroom. As Gilbert was putting defendant back into bed, he brushed his foot on her thigh. Gilbert reported the incident to the nurse in charge and was told not to be alone in his room anymore. Awhile later,

Gilbert and another nurse were in defendant's room removing medical leads from defendant so he could leave the hospital. The other nurse was called from the room, leaving Gilbert and defendant alone in the room, and defendant grabbed Gilbert's crotch. Gilbert left the room immediately and reported the incident, asking that charges be pressed against defendant.

On 25 February 2009, defendant was arrested for sexual battery; he pled guilty to that charge in district court and then appealed his conviction to superior court for a jury trial. On 17 November 2009, defendant pled guilty to charges of possession of methamphetamine and possession of drug paraphernalia. The trial court sentenced defendant to six to eight months in prison, suspended and imposed the condition of supervised probation.[1] At the same session, a jury found defendant guilty of sexual battery, for which the trial court sentenced him to seventy-five days in jail. From this judgment and sentence on the sexual battery conviction, defendant appeals.

---

On appeal, defendant presents three arguments: that the trial court erred in denying 1) his motion to sequester the State's witnesses; 2) his motions to dismiss for insufficiency of the evidence; and 3) his motion for a new trial based on alleged juror misconduct.

*I*

[1] Defendant first argues that the trial court erred in denying his motion to sequester the State's witnesses. We disagree.

"A ruling on a motion to sequester witnesses rests within the sound discretion of the trial court, and the court's denial of the motion will not be disturbed in the absence of a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Call*, 349 N.C. 382, 400, 508 S.E.2d 496, 507-8 (1998) (citation omitted). Section 15A-1225 of our General Statutes provides that "[u]pon motion of a party the judge may order all or some of the witnesses other than the defendant to remain outside of the courtroom until called to testify[.]" N.C. Gen. Stat. § 15A-1225 (2009); *see also* N.C. Gen. Stat. § 8C-1, Rule 615 (2009). "The aim of sequestration is two-fold: First, it acts as a restraint on witnesses tailoring their testimony to that of earlier witnesses, and second, it aids in detecting testimony that is less than candid." *State v. Harrell*, 67 N.C. App. 57, 64, 312 S.E.2d 230,

---

1. That plea and sentence are not at issue in this appeal.

236 (1984). However, "[w]hile it is true that one of the purposes for requiring sequestration is to prevent witnesses from tailoring their testimony from that of earlier witnesses, in order to show error a defendant must show that the trial court abused its discretion." *State v. Pittman*, 332 N.C. 244, 254, 420 S.E.2d 437, 442 (1992). In *Pittman*,

> the trial court heard arguments of counsel prior to denying defendant's motion. Having reviewed those arguments, we cannot hold that the trial court abused its discretion by denying defendant's motion. When asked by the court, defendant gave no reason for suspecting that the State's witnesses would use previous witnesses' testimony as their own.

*Id.* at 254, 420 S.E.2d at 443. As a result, we held that the defendant had "failed to show that the trial court abused its discretion" and overruled the defendant's argument. *Id.* Similarly, in *State v. Anthony*, the Supreme Court found no abuse of discretion in the denial of a defendant's motion to sequester witnesses. 354 N.C. 372, 396, 555 S.E.2d 557, 575, *cert. denied*, 354 N.C. 575, 559 S.E.2d 184 (2001). There, the Court noted that

> [i]n his motion to sequester, [the] defendant gave no specific reason to suspect that the State's witnesses would tailor their testimony to fit within a general consensus. [The d]efendant has not pointed to any instance in the record where a witness conformed his or her testimony to that of another witness, and he argues on appeal only that the trial court was biased against him in denying his motion even though facilities were available to accommodate sequestered witnesses.

*Id.*

Similarly, we see no abuse of discretion here. The transcript indicates that defendant moved for sequestration of all the State's witnesses and offered to sequester his own as well. Defense counsel explained the request by stating:

> As we discussed this morning, this case kind of piggy[-]backed on the felony, and just–we wanted to go ahead and get everything up here in Superior Court, and to get everything up here there wasn't a–obviously since it was a misdemeanor, there was no probable cause hearing and there was not a trial in District Court, and so that being said, Your Honor, the general [sic] being in North Carolina to separate witnesses and for hearing when requested by counsel since the crime has happened almost a year ago at this

time and increases the ability of people to forget, and the fact that there are a number of witnesses testifying for the State. We didn't have any type of trial in District Court. We would be making a motion to sequester witnesses, and I have provided [the State] with a list of witnesses, and we would be more than happy to have that motion apply to out witnesses as well and have them sequestered as well if [the State] would be requesting that as well.

The State replied that it thought sequestration was not necessary but had no objection. The trial court then denied the motion to sequester.

Defense counsel suggested two grounds for sequestration: that there were a "number" of witnesses and that they might have forgotten in the time since the incident occurred. Neither of these is a typical reason for sequestering witnesses. *See Harrell,* 67 N.C. App. at 64, 312 S.E.2d at 236. Nor did defendant's trial counsel explain or give specific reasons to suspect that the State's witnesses would tailor their testimony. Based on the brief and rather disjointed argument put forward by defendant's trial counsel, it is not clear to this Court how sequestration would affect or be related to the number of witnesses and the time elapsed since the alleged offense occurred. We also note that defendant does not make any argument on appeal that the unsequestered State's witnesses actually colluded with each other or influenced each other's testimony. We see no abuse of discretion by the trial court.

[2] Defendant also contends that the trial court abused its discretion in denying his motion because "[d]enying a motion without explanation and then telling the parties that it was fine to do is an arbitrary decision with no basis in reasoned thinking." However, defendant cites no authority for this assertion and we know of none. A trial court is not required to explain or defend its ruling on a motion to sequester. This argument is overruled.

## II

[3] Defendant next argues that the trial court erred in denying his motions to dismiss for insufficiency of the evidence. We disagree.

We review the trial court's denial of a motion to dismiss for insufficiency of the evidence de novo. *State v. Bumgarner,* 147 N.C. App. 409, 412, 556 S.E.2d 324, 327 (2001).

When a defendant moves for dismissal, the trial court is to determine only whether there is substantial evidence of each essential

STATE v. PATINO

[207 N.C. App. 322 (2010)]

element of the offense charged and of the defendant being the perpetrator of the offense. . . . Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The term "substantial evidence" simply means that the evidence must be existing and real, not just seeming or imaginary. The trial court's function is to determine whether the evidence will permit a *reasonable inference* that the defendant is guilty of the crimes charged. In so doing the trial court should only be concerned that the evidence is sufficient to get the case to the jury; it should not be concerned with the weight of the evidence. It is *not* the rule in this jurisdiction that the trial court is required to determine that the evidence excludes every reasonable hypothesis of innocence before denying a defendant's motion to dismiss.

*State v. Vause*, 328 N.C. 231, 236-37, 400 S.E.2d 57, 61 (1991) (internal citations and quotation marks omitted). Further, in ruling on a motion to dismiss:

The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion. The test of the sufficiency of the evidence to withstand the defendant's motion to dismiss is the same whether the evidence is direct, circumstantial, or both. Therefore, if a motion to dismiss calls into question the sufficiency of circumstantial evidence, the issue for the court is whether a reasonable inference of the defendant's guilt may be drawn from the circumstances.

*Id.* at 237, 400 S.E.2d at 61 (internal citations and quotation marks omitted).

Our General Statutes defines the misdemeanor of sexual battery as follows:

(a) A person is guilty of sexual battery if the person, for the purpose of sexual arousal, sexual gratification, or sexual abuse, engages in sexual contact with another person:

(1) By force and against the will of the other person[.]

N.C. Gen. Stat. § 14-27.5A (2009). Testimony from a victim that the defendant locked a door, reached under her blouse and rubbed her breast, and then stopped when someone tried to enter the locked door was sufficient for "the jury [to] infer that [the] defendant's action . . . was for the purpose of arousing or gratifying his sexual desire." *State v. Bruce*, 90 N.C. App. 547, 551, 369 S.E.2d 95, 98 (discussing a charge of taking indecent liberties with a child which includes the element "for the purpose of arousing or gratifying sexual desire"), *disc. review denied*, 323 N.C. 367, 373 S.E.2d 549 (1988).

Defendant did not dispute that his grabbing of Gilbert's crotch was sexual contact or that it was against Gilbert's will. However, defendant moved to dismiss on the basis that the State had failed to present sufficient evidence that the contact was "for the purpose of sexual arousal, sexual gratification, or sexual abuse." He contends that he was merely flirting and that nothing indicated that he was aroused by the encounter.

Here, the evidence tended to show that defendant had previously asked Gilbert for her phone number and for a date, and brushed against her thigh in such a manner that Gilbert reported the incident to her supervisor and was instructed not to be alone with him. In the light most favorable to the State, this evidence supports an inference by the jury that defendant grabbed Gilbert's crotch for the purpose of sexual arousal, gratification, or abuse. This argument is overruled.

*III*

[4] Defendant next argues that the trial court erred in denying his motion for a new trial based on alleged juror misconduct without making further inquiry. We disagree.

"Where juror misconduct is alleged, it is the duty of the trial judge to investigate the matter and to make such inquiry as is appropriate under the circumstances." *State v. Childers*, 80 N.C. App. 236, 244, 341 S.E.2d 760, 765, *disc. review*, 317 N.C. 337, 346 S.E.2d 142 (1986) (citation omitted). "An examination is generally required only where some prejudicial content is reported." *State v. Harrington*, 335 N.C. 105, 115, 436 S.E.2d 235, 240-41 (1993) (internal quotation marks and citation omitted). "The court's determination of whether misconduct has occurred, and if so, whether it is prejudicial, will not be disturbed on appeal unless the ruling is clearly an abuse of discretion." *Childers*, 80 N.C. App. at 245, 341 S.E.2d at 765-66.

"In general, a trial court may not receive juror testimony to impeach a verdict already rendered." *State v. Bauberger*, 176 N.C. App. 465, 469, 626 S.E.2d 700, 703, *affirmed*, 361 N.C. 105, 637 S.E.2d 536 (2006). Such inquiries are strictly limited under our General Statutes:

> (c) After the jury has dispersed, the testimony of a juror may be received to impeach the verdict of the jury on which he served, subject to the limitations in subsection (a), only when it concerns:
>
> (1) Matters not in evidence which came to the attention of one or more jurors under circumstances which would violate the defendant's constitutional right to confront the witnesses against him; or
>
> (2) Bribery, intimidation, or attempted bribery or intimidation of a juror.

N.C. Gen. Stat. § 15A-1240 (2009). We have held that the defendant in a sex offense case was not entitled to relief under this section where the jury foreman disobeyed the instructions of the trial court and watched a television program on child abuse, because the matters he reported to the jury did not deal directly with the defendant or with the evidence introduced in the case. *State v. Rosier*, 322 N.C. 826, 832, 370 S.E.2d 359, 362-63 (1988).

Further,

> [u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

N.C.G.S. § 8C-1, Rule 606(b) (2009). Extraneous prejudicial information is "information dealing with the defendant or the case which is being tried, which information reaches a juror without being introduced in evidence." *Rosier*, 322 N.C. at 832, 370 S.E.2d at 363. Dictionary defi-

nitions of legal terms researched and read to the jury by the foreperson are not extraneous prejudicial information and cannot be used to impeach a jury's verdict. *Bauberger*, 176 N.C. App. at 472, 626 S.E.2d at 705.

Here, the day after the verdict was delivered, at the start of the sentencing hearing, defendant's trial counsel moved for a new trial and told the trial court that several jurors had spoken with defense counsel and admitted looking up various legal terms (sexual gratification, reasonable doubt, intent, etc.), as well as the sexual battery statute, on the Internet during the trial. Defense counsel contended that the jury committed misconduct by consulting outside sources of information and disobeying the trial court's instruction not to do so. The trial court did not conduct any further inquiry and denied defendant's motion. Because definitions of legal terms are not extraneous information under Rule 606 and did not implicate defendant's constitutional right to confront witnesses against him, the allegations raised by defendant's trial counsel were not proper matters for an inquiry by the trial court. Thus, the trial court did not abuse its discretion in failing to conduct further inquiry into the allegations or in denying defendant's motion for a new trial. This argument is overruled.

No error.

Judges STEELMAN and BEASLEY concur.