STEELMAN, Judge.
Defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury. She was found guilty of assault with a deadly weapon inflicting serious injury. She was sentenced on 21 February 2003 to an active sentence of 25 months to 39 months. The court recommended payment of restitution in the amount of $23,852.86 to the victim from work release earnings or as a condition of post release supervision. Defendant appeals.
In her second and third assignments of error, defendant contends that the court erred by recommending that she pay restitution in the amount of $23,852.86 to the victim. She argues there is no competent evidence to support the award. We disagree.
To challenge a recommendation of restitution on appeal, aparty must object to the recommendation in the court below. State v. Applewhite, 127 N.C. App. 677, 684-85, 493 S.E.2d 297, 301 (1997). The record shows that defendant asked the trial court to recommend payment of restitution for the medical bills incurred by the victim. Further, defendant did not object when the court ruled that it was recommending payment of restitution in the amount stated in the judgment. We conclude defendant has failed to preserve this issue for appellate review.
Assuming, arguendo, defendant did preserve the issue, we find evidence to support the recommendation. "[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing." State v. Wilson, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995)(citation omitted). At trial, the victim testified that his medical expenses were in the neighborhood of $22,000.00, and the actual medical bills were entered into evidence. A summary of these medical expenses, totaling $23,852.86, was entered into evidence at sentencing. There was ample evidence before the trial court to support the amount of restitution awarded. These assignments of error are without merit.
In her first assignment of error, defendant contends that she is entitled to a new trial because the delayed delivery of the trial transcript deprived her of the right to speedy appellate review. Although there is no constitutional right to a speedy appeal, this Court has held that undue delay in processing an appeal may amount to a violation of due process. State v.Hammonds, 141 N.C. App. 152, 164, 541 S.E.2d 166, 175 (2000). In determining whether a due process violation has occurred, the court must examine four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy appeal; and (4) any prejudice resulting to the defendant as a result of the delay. Id. at 164, 541 S.E.2d at 175-6. All of these factors must be considered collectively, along with the circumstances, and no single factor is dispositive. State v. China, 150 N.C. App. 469, 473, 564 S.E.2d 64, 68 (2002), appeal dismissed and disc. review denied, 356 N.C. 683, 577 S.E.2d 899 (2003).
The length of the delay in this case of almost one year, while unfortunate, is not nearly as egregious as the delays of two and a half years and seven years in Hammonds and China, respectively. In both of those cases this Court failed to find a violation of due process. The reason for the delay sub judice is the court reporter's resignation from employment subsequent to the trial and is not attributable to the prosecution or to any bad faith. To her credit, defendant asserted her right to a speedy appeal by writing letters to the court reporter in August and September 2003 inquiring into the status of the transcript and by making a telephone call in October 2003 to Vicki Smith, Court Reporting Coordinator with the Administrative Office of the Courts, seeking her assistance in compelling production of the transcript. Although the delay in obtaining the transcript may have been "mentally taxing," to use defendant's words, the delay has notprejudiced defendant in the preparation of the appeal as defendant has ultimately been able to prepare and submit a complete record to this court. Nothing indicates that the delay has prejudiced defendant's ability to present or argue any issue. Considering all of these circumstances as a whole, we conclude that no violation of due process resulted from the delay in production and delivery of the transcript.
NO ERROR.
Judges HUNTER and ELMORE concur.
Report per Rule 30(e).