STATE OF NORTH CAROLINA v. DAVID ROLAND CONLEY

No. COA11-1251

(Filed 17 April 2012)

**1. Evidence—other wrongs—relevant—admitted for proper purpose—not unduly prejudicial**

The trial court did not err in an uttering a forged instrument and attempting to obtain property by false pretenses case by admitting evidence concerning a second forged check. The evidence was relevant because it made defendant's explanations for possessing the check at issue less probable, was offered for the proper purpose of proving defendant's intent in committing the offenses for which he was charged, and was not unfairly prejudicial under Rule 403 of the Rules of Evidence. Defendant's argument that the evidence was not admissible to impeach him lacked merit because the trial court did not admit the evidence for that purpose.

**2. Forgery—uttering forged instrument—jury instruction— sufficiently clear—no reasonable possibility of different result**

The trial court did not err or commit plain error in an uttering a forged instrument and attempting to obtain property by

false pretenses case by failing to clarify in its instructions to the jury that the charged offenses related only to defendant's conduct regarding the check at issue, and not a second forged check admitted into evidence. The jury was apprised of this fact based on the trial court's statements and the evidence presented at trial. Furthermore, even if the jury instructions were erroneous for lack of clarity, there was no reasonable possibility that, had the error not been committed, a different result would have been reached at trial.

**3. Judges—answer to jury question—not an impermissible opinion—repetition of fact**

The trial court did not commit plain error in an uttering a forged instrument and attempting to obtain property by false pretenses case by misstating and impermissibly expressing an opinion on the evidence. The trial court's response to the jury's question was not an opinion on the evidence but was merely the repetition of a fact that a witness had already testified to.

**4. Forgery—uttering forged instrument—obtaining property by false pretenses—sufficient evidence—denial of motion to dismiss proper**

The trial court did not err in an uttering a forged instrument and attempting to obtain property by false pretenses case by denying defendant's motion to dismiss the charges against him at the close of all the evidence. There was substantial evidence of all the elements of each crime and that defendant was the perpetrator.

Appeal by Defendant from judgment and commitment entered 25 May 2011 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 7 March 2012.

*Attorney General Roy Cooper, by Assistant Attorney General John A. Payne, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for Defendant-appellant.*

HUNTER, JR., Robert N., Judge.

David Roland Conley ("Defendant") appeals from the jury's verdicts convicting him of uttering a forged instrument and attempting to obtain property by false pretenses. For the following reasons, we hold no error.

## I. Factual & Procedural Background

The State's evidence at trial tended to show the following. On 4 March 2010, Defendant entered the SunTrust Bank ("SunTrust") located at 970 South Cannon Boulevard in Kannapolis. Defendant presented a check (hereinafter referred to as "the check" or "the Suntrust check") to a teller, Stephanie Craft. The check bore check number 52629, named Allied Concrete Forming & Associates, Inc. ("Allied") as the account holder, and was made payable to Defendant in the amount of $674.20. Ms. Craft ran the check through the bank's computer system for verification purposes and noticed that an alert had been placed on Allied's account. The alert indicated that the number of the check, 52629, was out of sequence with the numbers of those checks currently drawn on Allied's account. Ms. Craft immediately contacted Allied by telephone and spoke with Lissette Rodriguez, an assistant controller and human resources manager. Ms. Craft requested verification of the check's validity. Ms. Rodriguez informed Ms. Craft that the check was invalid and had not been issued by Allied.

Ms. Rodriguez contacted Kannapolis Police Department, and Sergeant Jason Hinson ("Sergeant Hinson"), the investigating officer, arrived shortly thereafter. Defendant explained to Sergeant Hinson that he had acquired the SunTrust check in exchange for performing some "odds and ends work" for Allied. Defendant equivocated, however, when Sergeant Hinson informed him that the check was fraudulent. Sergeant Hinson placed Defendant under arrest and transported Defendant to the police station for questioning.

At the police station, Defendant explained to Sergeant Hinson that he had met a man—whom he was unable to identify to the police—in Charlotte who asked him if he was interested in making some fast cash. Defendant agreed, and the man drove Defendant to a local McDonald's where the man asked Defendant for his identification card. The man left the McDonald's with Defendant's identification card and returned thirty minutes later with the SunTrust check. The man instructed Defendant to go to SunTrust and cash the check, stating that the two of them would split the proceeds once the transaction had been completed.[1]

---

1. Defendant also executed a voluntary written statement at the police station reciting this account of the SunTrust transaction and, more specifically, how the SunTrust check had come into his possession.

On 29 March 2010, Defendant was indicted on charges of forgery of an endorsement, uttering a forged instrument, and attempt to obtain property by false pretenses. The matter came on for trial at the 24 May 2011 Criminal Session of Cabarrus County Superior Court. At trial, Ms. Rodriguez testified that only she and Allied's controller, Nancy Simpson, were authorized to issue checks on Allied's behalf. Accordingly to Ms. Rodriquez, the signature on the SunTrust check resembled Ms. Simpson's signature, but the font was "all off" and "really different." Rodriguez further testified that the genuine Allied check numbered "52629" had not been issued to anyone, and that that particular check remained located in her office at the time Defendant presented the SunTrust check. Rodriguez also stated that Defendant had no affiliation with Allied and, to her knowledge, that Allied had never issued a check to Defendant.

During its examination of Ms. Rodriguez, the State elicited testimony regarding a second forged check (hereinafter referred to as "the Wachovia check"), which was also made payable to Defendant and drawn on Allied's account. The prosecutor asked Ms. Rodriguez whether she was aware of any other counterfeited or forged checks issued or made payable to Defendant besides the SunTrust check, to which Ms. Rodriguez responded: "Yes. As a matter of fact, the same day of that incident, we got a copy of another check, check number 52,630, and it's actually payable to [Defendant]." Ms. Rodriguez testified that the Wachovia check was also paid to the order of Defendant in the amount of $674.20—the same amount as the SunTrust check— and was deposited at Wachovia Bank.

The defense did not present evidence at trial, and Defendant's motion to dismiss at the close of the evidence was denied. The jury subsequently convicted Defendant on the uttering a forged instrument and attempting to obtain property by false pretenses charges, but acquitted Defendant on the forgery charge. The trial court determined that Defendant had a prior record level of VI and sentenced Defendant as a habitual felon to a consolidated presumptive term of 117 to 150 months. Defendant entered notice of appeal in open court.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011), as Defendant appeals from a final judgment of the superior court as a matter of right.

## III. Analysis

Defendant raises the following assignments of error on appeal: (1) the trial court erred in admitting evidence of the Wachovia check; (2) the trial court erred by failing to clearly instruct the jury that the charges against Defendant related only to the SunTrust check; (3) the trial court erred when it misstated and expressed an opinion on the evidence; and (4) the trial court erred when it denied Defendant's motion to dismiss for insufficiency of the evidence. We address these contentions in turn.

### A.   The Wachovia Check

**[1]** Defendant contends the trial court erred in admitting evidence concerning the Wachovia check because (1) the evidence was irrelevant, unfairly prejudicial, and inadmissible character evidence, and therefore inadmissible under Rule 404(b); and (2) the evidence was not admissible for impeachment purposes because Defendant did not testify as a witness at trial. Defendant asserts the trial court's error in admitting this evidence entitles him to a new trial. We disagree.

"To receive a new trial based upon a violation of the Rules of Evidence, a defendant must show that the trial court erred and that there is a 'reasonable possibility' that without the error 'a different result would have been reached at the trial.'" *State v. Ray*, 364 N.C. 272, 278, 697 S.E.2d 319, 322 (2010) (quoting N.C. Gen. Stat. § 15A-1443(a) (2009)).

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2011). Relevant evidence is generally admissible, but nonetheless may be excluded under other Rules of Evidence. N.C. Gen. Stat. § 8C-1, Rule 402 (2011). For instance, even if relevant,

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2011). Our Supreme Court has described Rule 404(b) as " 'a clear general rule of *inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject

to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.' " *State v. Locklear*, 363 N.C. 438, 447, 681 S.E.2d 293, 301-02 (2009) (quoting *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990)). In reviewing the admissibility of evidence under Rule 404(b), "we must assure that the evidence meets the two constraints of 'similarity and temporal proximity.' " *State v. Khouri*, ___ N.C. App. ___ , ___ , 716 S.E.2d 1, 8 (2011) (citation omitted). Further, even if the evidence is relevant and admissible for a proper purpose under Rule 404(b), the evidence may still be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2011). Thus, in determining whether the trial court properly admitted evidence of the Wachovia check, we must proceed along the following line of inquiry: Was the evidence relevant and offered for a proper purpose under Rule 404(b), and, if so, was the evidence not unfairly prejudicial under Rule 403? For the following reasons, we hold the evidence was properly admitted.

Ms. Rodriguez' testimony regarding the Wachovia check is relevant because it makes less probable Defendant's explanations for possessing the check, a fact "of consequence" under Rule 401. *See* N.C. Gen. Stat. § 8C-1, Rule 401 (2011). Defendant initially informed the police that he acquired the check after performing "odd and ends" work. Defendant later stated that he cashed the check for an unidentified individual in exchange for a portion of the proceeds from the check. Evidence of a second fraudulent check (the Wachovia check) drawn on Allied's account and made payable to Defendant undermines Defendant's alternative explanations for possessing the check and was therefore relevant.

Moreover, evidence of the Wachovia check was admissible for the proper purpose of proving Defendant's intent in committing the offenses for which he was charged. *See* N.C. Gen. Stat. § 8C-1, Rule 404(b) (2011) (proving intent is a proper purpose for introduction of prior "bad acts" evidence). The State was required to prove beyond a reasonable doubt Defendant's intent to defraud with respect to both the uttering a forged instrument charge, *see* N.C. Gen. Stat. § 14-120 (2011) and the attempting to obtain property by false pretenses charge, *see* N.C. Gen. Stat. § 14-100 (2011). Defendant insisted he did not know the SunTrust check was forged and therefore had no intent to commit the crimes for which he was arrested and later charged.

Ms. Rodriguez' testimony concerning a second forged check virtually identical to the SunTrust check—made payable to Defendant in the same amount and also drawn on Allied's account—as previously stated, undermines Defendant's explanations for possessing the check and tends to prove that Defendant possessed the intent to defraud when he entered SunTrust and presented the forged instrument. Evidence of the Wachovia check was therefore admissible under Rule 404(b) for the proper purpose of proving Defendant's intent to defraud, an essential element of the offenses for which he was charged.

Furthermore, we conclude that the evidence withstands scrutiny under Rule 403's balancing test. While we recognize that the evidence of the Wachovia check caused some confusion during the jury's deliberations, discussed further *infra*, we cannot say that the probative value of this evidence in proving Defendant's intent was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2011). Accordingly, we hold this evidence admissible under Rule 404(b).

Defendant also argues evidence of the Wachovia Check was not admissible to impeach him because he did not testify as a witness at trial. This argument is irrelevant, as our review of the trial transcript indicates the trial court did not admit the evidence for this purpose.[2] Impeaching a witness involves introducing evidence to cast aspersions upon that witness's credibility *as a witness*. Defendant did not testify as a witness at trial. The trial transcript reveals the trial court admitted the Wachovia check as proof Defendant intended to defraud SunTrust when he presented the SunTrust check. The Wachovia check "impeached" *Defendant's explanations for possessing the check*, i.e., Defendant's *evidence*, not his credibility as a witness at trial. As previously discussed, the evidence at issue was admissible for this purpose under Rule 404(b) to prove Defendant's intent to defraud. Whether the evidence was admissible to impeach Defendant's credibility as a witness has no bearing on Defendant's appeal, as the trial court did not admit the evidence for that purpose.

Therefore, because we discern no error in the trial court's admission of the evidence in question, we need not determine whether exclusion of the evidence would have yielded a different result at trial. *See Ray*, 364 N.C. at 278, 697 S.E.2d at 322. Defendant's assignment of error is overruled.

---

2. The State also concedes the evidence was not admitted for purposes of impeaching a witness.

## B.  Unanimous Jury Verdict

**[2]**  Defendant next contends the trial court erred by failing to clarify in its instructions to the jury that the charged offenses related only to Defendant's conduct regarding the SunTrust check. Defendant argues the court's failure to specify his actions regarding the SunTrust check as the only basis for the charges deprived him of his constitutional right to a unanimous jury verdict, as the jurors may have relied upon evidence concerning the Wachovia check in convicting him. We disagree.

From the outset, we note that Defendant failed to object at trial to the challenged jury instructions. We have articulated our standard of review on this issue where the defendant fails to lodge a timely objection to an allegedly erroneous jury instruction as follows:

> In general, a constitutional issue may not be raised for the first time on appeal. However, the North Carolina Supreme Court has recognized an exception for assignments of error which allege that a defendant's constitutional right to a unanimous jury verdict has been violated.

> When a criminal defendant is denied a right arising under the North Carolina Constitution, he is entitled to a new trial only "when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."

*State v. Haddock*, 191 N.C. App. 474, 478-79, 664 S.E.2d 339, 343-44 (2008) (citations omitted).

Our examination of the record reveals that the alleged error could not have affected the outcome of the trial. While it is true the trial court did not articulate Defendant's actions relating to the SunTrust transaction as the sole basis for the charged offenses, this was unnecessary, as the jury was apprised of this fact based on Judge Spainhour's statements and the evidence presented at trial. In Judge Spainhour's opening remarks at trial, he informed the prospective jurors that the "[t]he intended victim in th[is] case was *SunTrust Bank.*" (Emphasis added). Moreover, the vast majority of the evidence presented before the jury focused upon Defendant's conduct relating to the SunTrust check. The State called five witnesses, all of which testified regarding the SunTrust check. Only one witness, Ms. Rodriquez, offered testimony regarding the Wachovia check. Furthermore, the trial court clarified this issue in response to a question posed by the jury during deliberations, and we must presume the

court's instructions resolved the issue as the jury thereafter proceeded to deliberate and to return its verdicts without further inquiry. *See State v. Jennings*, 333 N.C. 579, 618, 430 S.E.2d 188, 208 (1993) (presuming the jury " 'attend[s] closely . . . strive[s] to understand, . . . and follow[s] the instructions given them' " (quoting *Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985))). Accordingly, we hold the trial court did not err in issuing its instructions to the jury.

Finally, we note that even if the jury instructions were erroneous for lack of clarity, we find no "reasonable possibility that, had the error in question not been committed, a different result would have been reached at [] trial." *State v. Galloway*, 304 N.C. 485, 496, 284 S.E.2d 509, 516 (1981) ; *see also State v. Applewhite*, 127 N.C. App. 677, 681, 493 S.E.2d 297, 299 (1997) ("Our state's Supreme Court has stressed that an improper [jury] instruction will rarely justify reversing a criminal conviction when no objection was made in the trial court."). Defendant's assignment of error is overruled.

## C. Trial Court's Response to Jury's Inquiry Concerning the Wachovia Check

**[3]** Defendant further contends the trial court erred by misstating and impermissibly expressing an opinion on the evidence. We disagree.

During its deliberations, the jury submitted the following question regarding the Wachovia Check:

> The jury would like to know if the information about the check that was deposited at Wachovia <u>was</u> admissible (confusion about objection—sustained or overruled?) and if so, what date was that check deposited?

The trial court instructed the jury in response:

> All right. A couple of things. First of all, that check, if you believe it was—if you find that there was such a check—it was not admitted into evidence, that is, the check itself was not; it was admitted into evidence that a check was deposited at Wachovia. The date of that prior check was—all we can tell you is the evidence, and we discussed this in court with the attorneys, it was prior to the alleged event at SunTrust.

Defendant did not object to these instructions at trial. Where trial counsel fails to object to the trial court's instructions in response to a question from the jury seeking clarification, we review for plain

error. *State v. Duke*, 360 N.C. 110, 133, 623 S.E.2d 11, 26 (2005). We find plain error

> only in exceptional cases where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done. Thus, the appellate court must study the whole record to determine if the error had such an impact on the guilt determination, therefore constituting plain error.

*State v. Streater*, 197 N.C. App. 632, 639, 678 S.E.2d 367, 372, *disc. rev. denied*, 363 N.C. 661, 687 S.E.2d 293 (2009) (quotation marks and citation omitted). To prevail under the plain error standard, Defendant must show: (1) a different result probably would have been reached but for the error or (2) the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial. *Id.* We need not reach the question of plain error, however, as we hold the trial court did not err in providing this instruction.

N.C. Gen. Stat. § 15A-1222 provides that a "judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." N.C. Gen. Stat. § 15A-1222 (2011). Defendant contends the trial court violated this provision when it responded to the jury's question, *supra*, by stating that the Wachovia check was deposited "prior to the alleged event at SunTrust." Defendant asserts this was error because the State did not offer any evidence demonstrating that the Wachovia check was deposited before the incident at SunTrust. We disagree.

Ms. Rodriguez testified that she became aware of the transaction involving the Wachovia check on the same day that Ms. Craft called her to inquire about the authenticity of the SunTrust check as presented by Defendant as he stood before her. Obviously, Defendant could not have deposited the Wachovia check *after* he attempted to cash the SunTrust check, as he was arrested while still on the SunTrust premises shortly after Ms. Rodriguez spoke with Ms. Craft. The only possible inference to be drawn from Ms. Rodriguez' testimony is that the Wachovia check was deposited prior to the incident at SunTrust. Judge Spainhour was therefore not offering his opinion on the evidence; he was merely repeating a fact that Ms. Rodriguez had already testified to in responding to the jury's question. We hold the trial court's response to the jury's question was not error, and Defendant's assignment of error is overruled.

## D. Defendant's Motion to Dismiss

[4] Finally, Defendant contends the trial court erred in denying his motion to dismiss the charges against him at the close of all the evidence. Defendant asserts the evidence was insufficient to convict him on the charges of uttering a forged instrument and attempting to obtain property by false pretenses. We disagree.

"When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that the defendant is the perpetrator of the offense." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). In determining whether substantial evidence of each element exists, this Court must view the evidence presented before the trial court in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). Conflicting testimony, contradictions, and discrepancies are factual determinations to be resolved by the jury and do not require dismissal. *State v. Prush*, 185 N.C. App. 472, 478, 648 S.E.2d 556, 560 (2007). However, whether substantial evidence exists with respect to each element of the charged offense is a question of law. *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956). Accordingly, we review the trial court's denial of Defendant's motion to dismiss *de novo. See State v. Patino*, ___ N.C. App. ___ , ___ , 699 S.E.2d 678, 682 (2010).

" 'The essential elements of the crime of uttering a forged check are (1) the offer of a forged check to another, (2) with knowledge that the check is false, and (3) with the intent to defraud or injure another.' " *State v. Brown*, ___ N.C. App. ___ , ___ , 720 S.E.2d 414, 415 (2011) *writ denied, disc. rev. denied*, ___ N.C. ___ , 721 S.E.2d 227 (2012); N.C. Gen. Stat. § 14-120 (2011). "The elements of obtaining property by false pretenses are '(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.' " *State v. Ledwell*, 171 N.C. App. 314, 317, 614 S.E.2d 562, 565 (2005) (quoting *State v. Childers*, 80 N.C. App. 236, 242, 341 S.E.2d 760, 764 (1986)). Attempting to obtain and obtaining property by false pretenses are both covered by N.C. Gen. Stat. § 14–100 and contain the same elements. N.C. Gen. Stat. § 14–100 (2011). Defendant does not

contest each element as to the charged offenses; rather, Defendant argues only that the State was required to prove the SunTrust check was "falsely made" to carry its burden on each offense, but was unable to establish this because the State offered no evidence to prove that the check had been signed by an unauthorized individual. Defendant's argument is unavailing.

Viewing the evidence in the light most favorable to the State, as we are required to do, we conclude the State introduced substantial evidence tending to prove the SunTrust check was falsely made and not signed by an authorized individual. Ms. Rodriguez testified that she had in her possession the genuine Allied check bearing check number 52629 at the time Defendant presented the SunTrust check bearing the same number. Ms. Rodriguez further testified the SunTrust check bore a font that was "way off" and "really different" from the font used by Allied in printing its checks. Ms. Rodriguez identified the Allied company name on the SunTrust check but stated "it's not our check." The jury could reasonably conclude from this testimony that the SunTrust check was "falsely made."

Defendant cites Ms. Rodriguez' testimony that the signature on the SunTrust check appeared "pretty close" to Ms. Simpson's signature in support of his assertion that the State failed to demonstrate the check was signed by an unauthorized individual. Defendant's argument is not persuasive. Ms. Rodriguez testified that only she and Ms. Simpson were authorized to sign checks issued by Allied, and it is evident from Ms. Rodriguez' testimony that she did not sign the SunTrust check herself. Moreover, the jury could have reasonably inferred from the aforementioned portions of Ms. Rodriguez' testimony indicating the fraudulent nature of the SunTrust check that the signature on the check did not belong to Ms. Simpson. This presented the jury with substantial evidence from which it could conclude that the signature on the SunTrust check was not executed by an authorized individual. Accordingly, we hold that the State presented sufficient evidence of the charged offenses to withstand Defendant's motion to dismiss. Defendant's assignment of error is overruled.

## IV. Conclusion

For the foregoing reasons, we hold no error in the trial court's ruling.

No error.

Judge Bryant concurs.

Judge Beasley concurs in a separate opinion.

BEASLEY, Judge concurs with separate opinion.

While I concur in the majority opinion, because Defendant's argument regarding admissibility of check number 52630 which was deposited at Wachovia Bank is not irrelevant as the majority suggests, I write separately.

The majority rightly asserts that the trial court admitted this check number 52630 for impeachment purposes. Defendant argues that the trial court erred by admitting the check for impeachment purposes, pursuant to N.C. Gen. Stat. § 8C-1, Rule 608 (2011). The State however, on appeal argues that the "evidence of the Wachovia check is admissible because it is used to impeach **evidence**, not a witness, and because it is both relevant and serves a permissible purpose." (emphasis added). I would therefore hold that the trial court erred by admitting check number 52630 for impeachment purposes, but the error was not prejudicial error.

N.C. Gen. Stat. § 8C-1, Rule 608(a) (2011) states:

> (a)  Opinion and reputation evidence of character.—The credibility of a witness may be attached or supported by evidence in the form of reputation or opinion as provided in Rule 405(a), but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

When Defendant objected to the admissibility of the Wachovia check, the trial court overruled the objection after a bench conference. During jury deliberations, the jury inquired, "if the information about the check that was deposited at Wachovia was admissible, 'was' is underlined. Parentheses, '(confusion about objection,' dash, 'sustained or overruled and if so, what date was that check deposited?' " After the trial court, the assistant district attorney, and the defense attorney recollected the court's ruling, the trial court recalled that it overruled Defendant's objection to the admission of the Wachovia check. The trial court noted "[a]nd I concluded it was in the nature of an impeachment question because—or an impeachment of evidence

because it was inconsistent with or diametrically different from the statements, . . . the defendant made to the officer during the investigation." Since Defendant did not testify, he correctly argues that the trial court erred by admitting check number 52630 for impeachment purposes as only witnesses can be impeached.

Defendant on appeal also argues that check number 52630 was not admissible under N.C. Gen. Stat. § 8C-1, Rule 404(b) (2009) because it could not be offered to attack his credibility. While established that because Defendant did not testify and therefore his credibility could not be attacked, the trial court could have admitted check number 52630 under Rule 404(b) to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." Rule 404(b). Furthermore, because there was substantial evidence, in addition to the Wachovia check, as outlined in the majority opinion, to demonstrate that Defendant presented a check to Suntrust Bank from an account held by Allied Concrete Forming & Associates, Inc. for which he did not have authorization, the trial court's error was not prejudicial to Defendant.