IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-715

No. COA22-348

Filed 20 December 2022

Cabarrus County, Nos. 20CRS50156-57

STATE OF NORTH CAROLINA

v.

NIKITA V. MACKEY

Appeal by defendant from judgment entered 4 June 2021 by Judge William Anderson Long, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 19 October 2022.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Kayla D. Britt, for the State.*
>
> *Shawn R. Evans for the defendant-appellant.*

TYSON, Judge.

¶ 1 Nikita V. Mackey, a disbarred lawyer, ("Defendant") appeals from the judgment entered upon the jury's verdict from his two felony convictions of uttering a forged instrument and obtaining property by false pretenses. Our review discloses no error.

## I. Background

¶ 2        Defendant married Yvette Stewart in September 2016. The couple separated two years later and divorced in 2021. Defendant and Stewart always maintained separate bank accounts, even while married. After the separation, Stewart moved to Tennessee and took her vehicle with her.

¶ 3        Stewart's vehicle needed repairs in March 2019. After Stewart had paid for the repairs, she realized her vehicle was still under a third-party maintenance warranty. She sought a reimbursement from the company issuing the warranty. The company agreed to reimburse Stewart in the amount of $1,200.92.

¶ 4        Stewart waited for the check, but it never arrived. She contacted the warranty company to inquire about her reimbursement. During that conversation, the company informed Stewart the check had been issued to Stewart as payee, mailed to Defendant's address, and the check had been deposited into a bank. Stewart asked for more information. The company sent her a copy of the cancelled check. Upon examination, she noticed the check issued in her name had been signed. She recognized her name, signed in Defendant's handwriting, on the endorsement line.

¶ 5        Stewart sought a replacement check because she believed Defendant had forged her signature. The company informed Stewart they could not issue another check unless she notified law enforcement. Stewart reported the incident and provided handwriting samples to the Charlotte-Mecklenburg Police Department.

¶ 6 The officer in charge of investigating Stewart's claim subpoenaed the bank for all records related to the check. Bank records revealed Defendant had deposited the check into his personal bank account on 18 June 2019. Video footage from the bank also showed Defendant visiting the bank on the same day the check was deposited.

¶ 7 Defendant was charged with uttering a forged instrument, obtaining property by false pretenses, and forgery of an instrument on 2 March 2020. At trial, the State entered the bank records and video footage into evidence. On 4 June 2021, a jury found Defendant guilty of obtaining property by false pretenses and of uttering a forged instrument. The jury failed to reach a unanimous verdict regarding forgery of an instrument after questioning the definition of the words "infer" and "forgery" as used in the jury's instructions. Defendant moved for a mistrial. The court granted Defendant's motion regarding the forgery charge.

¶ 8 The trial court consolidated the remaining two convictions into one judgment. Defendant was sentenced as a level I offender and received an active sentence of 5 to 15 months, followed by 24 months of supervised probation. Defendant filed a timely notice of appeal on 9 June 2021.

## II. Issues

¶ 9 Defendant argues: (1) the indictments for uttering a forged instrument and obtaining property by false pretenses are fatally defective; (2) a fatal variance exists between the indictments for uttering and obtaining property by false pretenses and

the evidence entered at trial; and, (3) he is entitled to a new trial because eighteen bench conversations were omitted from the transcript despite the trial judge ordering a complete recordation.

### III. Fatal Defect

Defendant argues the indictments for uttering a forged instrument and obtaining property by false pretenses contained a fatal defect.

### A. Standard of Review

Trial courts do not possess jurisdiction over a criminal defendant without a valid bill of indictment. *State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996) (citation omitted). "[W]hen a fatal defect is present in the indictment charging the offense, a motion in arrest of judgment may be made at any time in any court having jurisdiction over the matter, even if raised for the first time on appeal." *State v. Phillips*, 162 N.C. App. 719, 720, 592 S.E.2d 272, 273 (2004) (citation and internal quotation marks omitted).

### B. Analysis

An indictment "is fatally defective if it fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Ellis*, 368 N.C. 342, 344, 776 S.E.2d 675, 677 (2015) (citation and quotation marks omitted).

"The essential elements of the crime of uttering a forged check are (1) the offer of a forged check to another, (2) with knowledge that the check is false, and (3) with

the intent to defraud or injure another." *State v. Conley*, 220 N.C. App. 50, 60, 724 S.E.2d 163, 170 (2012) (citation and internal quotation marks omitted).

¶ 14        "The elements of obtaining property by false pretenses are (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another." *Id.* (citation and internal quotation marks omitted).

¶ 15        The indictment charging Defendant with uttering a forged check provided:

> [T]he defendant named above unlawfully, willfully, and feloniously did utter, publish, pass, and deliver as true to SunTrust Bank a falsely made and forged check #072993 written by Caregard warranty service, made out to Yvette Stewart for the amount of $1,200.92. The defendant acted for [the] sake of gain and with the intent to injure and defraud and with the knowledge that the instrument was falsely made and forged.

¶ 16        The indictment charging Defendant with obtaining property by false pretenses provided:

> [T]he defendant named above unlawfully, willfully, and feloniously did knowingly and designedly, with the intent to cheat and defraud, obtain $1,200.92 US currency from SunTrust Bank by means of a false pretense which was calculated to deceive and did deceive. The false pretense consisted of the following: the defendant passed a forged check in order to obtain the funds.

The indictments included the necessary elements for the crimes of uttering a forged check and obtaining property by false pretenses. *Conley*, 220 N.C. App. at 60, 724 S.E.2d at 170. Defendant's argument is without merit and overruled.

## IV.    Fatal Variance

Defendant argues the State's evidence at trial fatally varied from the indictment for the charge of obtaining property by false pretenses because "the indictment erroneously alleged that the check itself was a forgery in direct contradiction to all evidence presented." According to Defendant, the "evidence showed at best that [Defendant] presented a check which may have contained a forged endorsement."

Defendant also argues the State's evidence presented at trial fatally varied from the indictment charging him with uttering a forged check. Defendant asserts the "uttering indictment drafted and obtained by the State is based on the first part of N.C. Gen. Stat. § 14-120[,] which deals with forged and counterfeit instruments," yet the "evidence presented at trial was in reference to the second part of N.C. Gen. Stat. § 14-120 regarding false, forged or counterfeited endorsements."

## A. Standard of Review

Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure delineates the procedures for preserving errors on appeal:

> In order to preserve an issue for appellate review, a party

> must have presented to the trial court a timely request,
> objection, or motion, *stating the specific grounds for the
> ruling the party desired the court to make* if the specific
> grounds were not apparent from the context. It is also
> necessary for the complaining party to obtain a ruling upon
> the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1) (emphasis supplied).

¶ 21 Rule 10(a)(1) thus requires a defendant to "preserve the right to appeal a fatal variance." *State v. Mason*, 222 N.C. App. 223, 226, 730 S.E.2d 795, 798 (2012) (first citing *State v. Pickens*, 346 N.C. 628, 645, 488 S.E.2d 162, 172 (1997) ("Regarding the alleged variance between the indictment and the evidence at trial, defendant based his motions at trial solely on the ground of insufficient evidence and thus has failed to preserve this argument for appellate review."); then citing *State v. Roman*, 203 N.C. App. 730, 731-32, 692 S.E.2d 431, 433 (2010); and then citing N.C. R. App. P. 10(a)(1)).

¶ 22 Our state courts have recognized consistent application of the rules of appellate procedure is paramount. *See State v. Hart,* 361 N.C. 309, 317, 644 S.E.2d 201, 206 (2007) ("Fundamental fairness and the predictable operation of the courts for which our Rules of Appellate Procedure were designed depend upon the consistent exercise of this authority."); *see also State v. Ricks*, 378 N.C. 737, 741, 2021-NCSC-116, ¶ 6, 862 S.E.2d 835, 839 (2021) (explaining how suspending certain rules of appellate procedure, such as requiring timely filing of a notice of appeal, "would render

meaningless the rules governing the time and manner of noticing appeals") (citation omitted).

¶ 23      Our Supreme Court, nevertheless, has held a defendant's motion to dismiss at the close of the state's evidence and renewed again at the close of all the evidence *"preserves all issues related to sufficiency of the State's evidence"* arguments for appellate review. *State v. Golder*, 374 N.C. 238, 246, 839 S.E.2d 782, 788 (2020) (emphasis supplied) ("Because our case law places an affirmative duty upon the trial court to examine the sufficiency of the evidence against the accused for every element of each crime charged, . . . under Rule 10(a)(3), a defendant's motion to dismiss preserves all issues related to sufficiency of the State's evidence for appellate review.").

¶ 24      Post-*Golder*, our Supreme Court has not affirmatively held whether a general motion to dismiss preserves a defendant's fatal variance objection for appeal as a "sufficiency of the State's evidence" objection under *Golder*. *Id.*; *State v. Smith*, 375 N.C. 224, 228, 846 S.E.2d 492, 494 (2020) (explaining this Court in *State v. Smith*, 258 N.C. App. 698, 812 S.E.2d 205 (2018), "concluded [ ] defendant's *fatal variance argument was not preserved* because it was not expressly presented to the trial court[,]" while also acknowledging this Court had reached its decision before our Supreme Court issued *Golder*) (emphasis supplied) (citation omitted).  The Supreme

Court in *Smith*, "assum[ed] without deciding that defendant's fatal variance argument was preserved[.]" *Id.* at 231, 846 S.E.2d at 496.

¶ 25 Since *Smith* and *Golder*, criminal defendants before this Court assert "the Supreme Court in *Golder* [had] 'assumed without deciding' that 'issues concerning fatal variance are preserved by a general motion to dismiss.'" *See State v. Brantley-Phillips*, 278 N.C. App. 279, 286, 2021-NCCOA-307, ¶ 21, 862 S.E.2d 416, 422 (2021). In *Brantley-Phillips*, this Court explained:

> Although *Golder* did not address this specific question, our Court has noted, in light of *Golder*: "any fatal variance argument is, essentially, an argument regarding the sufficiency of the State's evidence." *State v. Gettleman*, 275 N.C. App. 260, 271, 853 S.E.2d 447, 454 (2020) (citation omitted). We further reasoned: "[o]ur Supreme Court made [it] clear in *Golder* that 'moving to dismiss at the proper time . . . preserves all issues related to the sufficiency of the evidence for appellate review.'" *Id.* (quoting *Golder*, 374 N.C. at 249, 839 S.E.2d at 790). Specifically, in *Gettleman* we determined the defendant failed to preserve an argument that the jury instructions and indictment in that case created a fatal variance precisely because the Defendant failed to move to dismiss the charge in question. *Id.* Here, unlike in *Gettleman*, Defendant did timely move to dismiss all charges, and thus, under the rationale of *Gettleman*, it would appear Defendant did preserve this argument. *See id. Without so deciding, and for purposes of review of this case,* we employ de novo review. *See id.*

*Id.* at 287, ¶ 22, 862 S.E.2d at 422 (emphasis supplied).

¶ 26 Here, Defendant did not mention the words "fatal," "defective," or "variance"

in his motion to dismiss, to provide the trial court with notice of any purported error at the close of the State's evidence. Defendant moved to dismiss at the close of the State's evidence, and again at the close of all the evidence. In accordance with *Brantley-Phillips*, we again presume "[w]ithout so deciding, and for purposes of review of this case," Defendant's generic motion to dismiss for *"sufficiency of the evidence"* preserved his fatal variance objections. *Id.* (emphasis supplied).

### B. Analysis

> A motion to dismiss for a variance is in order when the prosecution fails to offer sufficient evidence the defendant committed the offense charged. A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged.
>
> In order to prevail on such a motion, the defendant must show a fatal variance between the offense charged and the proof as to the gist of the offense.

*Pickens*, 346 N.C. at 646, 488 S.E.2d at 172 (citations, quotation marks, and alterations omitted).

"In order for a variance to warrant reversal, the variance must be material. A variance is not material, and is therefore not fatal, if it does not involve an essential element of the crime charged." *State v. Tarlton*, 279 N.C. App. 249, 253, 2021-NCCOA-458, ¶ 12, 864 S.E.2d 810, 813 (2021) (quoting *State v. Norman*, 149 N.C. App. 588, 594, 562 S.E.2d 453, 457 (2002)).

¶ 28        Here, the State offered substantial and sufficient evidence of each material element of both charges.  The State tendered evidence Stewart never received the check issued to her as payee, and it was mailed to Defendant's residence.  Stewart testified she recognized Defendant's handwriting forging her name on the endorsement line.  The State also entered into evidence bank records indicating Defendant had deposited the check into his sole personal account.  Video footage showed Defendant entering the bank on the same day the check was deposited into his account.

¶ 29        Viewing the evidence in the light most favorable to the State and all inferences thereon, the evidence presented at trial did not fatally vary from the essential elements or "gist" of the indictments charging Defendant with uttering a forged check and obtaining property by false pretenses.  *Conley*, 220 N.C. App. at 60, 724 S.E.2d at 170; *Pickens*, 346 N.C. at 645, 488 S.E.2d at 172; *Tarlton*, 279 N.C. App. at 253, ¶ 12, 864 S.E.2d at 813.  Defendant's argument is without merit and is overruled.

## V.    Recordation

¶ 30        Criminal defendants have a statutory right to recordation of their trial.  N.C. Gen. Stat. § 15A-1241 provides:

> (a) The trial judge must require that the reporter make a true, complete, and accurate record of all statements from the bench and all other proceedings except:
>
> (1) Selection of the jury in noncapital cases;

> (2) Opening statements and final arguments of counsel to the jury; and
>
> (3) Arguments of counsel on questions of law.
>
> . . .
>
> (c) When a party makes an objection to unrecorded statements or other conduct in the presence of the jury, *upon motion of either party* the judge must reconstruct for the record, as accurately as possible, the matter to which objection was made.

N.C. Gen. Stat. § 15A-1241 (2021) (emphasis supplied).

¶ 31        Our Supreme Court in *State v. Cummings* contrasts the disparate treatment of statements made in open court before a jury and those made in private bench conferences under N.C. Gen. Stat. § 15A-1241. 332 N.C. 487, 498, 422 S.E.2d 692, 698 (1992). The Court in *Cummings* concluded N.C. Gen. Stat. § 15A-1241 "appears to be designed to ensure that any statement by the trial judge, in open court and within earshot of jurors or others present in the courtroom, be available for appellate review." *Id.*

¶ 32        Statements made in private bench conferences, however, are only required to be transcribed if "either party requests that the subject matter of a private bench conference be put on the record for possible appellate review." *Id.* If a party requests a bench conference to be transcribed per N.C. Gen. Stat. § 15A-1241, "the trial judge

should comply by reconstructing, as accurately as possible, the matter discussed." *Id.* (citing N.C. Gen. Stat. § 15A-1241(c)).

¶ 33       "This Court has repeatedly held that [N.C. Gen. Stat. §] 15A–1241 does not require recordation of 'private bench conferences between trial judges and attorneys.'" *State v. Blakeney*, 352 N.C. 287, 307, 531 S.E.2d 799, 814 (2000) (first quoting *Cummings*, 332 N.C. at 497, 422 S.E.2d at 697; then citing *State v. Speller*, 345 N.C. 600, 605, 481 S.E.2d 284, 287 (1997)). In *Blakeney*, the defendant argued the "unrecorded bench conferences violated his statutory right to recordation under [N.C. Gen. Stat.] § 15A[-]1241 and deprived him of his constitutional right to due process by rendering appellate review impossible." *Id.* at 306, 531 S.E.2d at 814. Our Supreme Court held the trial court did not err by failing to record the bench conferences because the "defendant never requested that the subject matter of a bench conference be reconstructed for the record." *Id.* at 307, 531 S.E.2d at 814.

¶ 34       Defendant asserts the trial court had ordered a complete recordation. This assertion is unfounded. The transcript shows Defendant only requested a complete recordation of the *voir dire* of an expert witness. Here, the trial court did not err for the same reasons our Supreme Court held the trial court did not err in *Blakeney*: Defendant "never requested that the subject matter of a bench conference be reconstructed for the record." *Blakeney*, 352 N.C. at 307, 531 S.E.2d at 814. Defendant's argument is without merit.

## VI. Conclusion

Defendant has failed to show a fatal defect existed in his indictments for uttering a forged check and obtaining property by false pretenses. Each of the indictments alleged the "essential and necessary elements of the offense[s]." *Ellis*, 368 N.C. at 344, 776 S.E.2d at 677.

Presuming without holding Defendant's fatal variance argument was preserved by his blanket motion to dismiss, Defendant failed to demonstrate a fatal variance between his indictments and the evidence presented at trial. *Brantley-Phillips*, 278 N.C. App. at 287, ¶ 22, 862 S.E.2d at 422. Any purported variance between the indictment and the evidence at trial was "not material, and is therefore not fatal, [as] it d[id] not involve an essential element of the crime charged." *Tarlton*, 279 N.C. App. at 253, ¶ 12, 864 S.E.2d at 813.

Defendant has also failed to show the trial court committed plain error by failing, in the absence of a request, to make a complete recordation of the eighteen bench conference conversations. Defendant never requested the trial court to reconstruct the bench conversations for the record, despite asking the trial court to make a complete recordation of the *voir dire* of an expert witness at another point during the trial.

Defendant received a fair trial, free from prejudicial errors he preserved and argued on appeal. We find no error in the jury's verdicts or in the judgment entered thereon. *It is so ordered.*

NO ERROR.

Judges ZACHARY and HAMPSON CONCUR